UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 09-10104-RWZ

PEDRO RENEE CRUZ

v.

UNITED STATES OF AMERICA

MEMORANDUM OF DECISION

January 26, 2017

ZOBEL, S.D.J.

Petitioner Pedro Renee Cruz moves this court to vacate and correct his sentence pursuant to 28 U.S.C. § 2255. He claims that under the Supreme Court's decisions in Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson II"), and Welch v. United States, 136 S. Ct. 1257 (2016), he is no longer an armed career criminal under the Armed Career Criminal Act of 1984 ("ACCA"). Specifically, he contends that after these decisions, he does not have three predicate "violent felonies" or applicable "serious drug offenses" such that he can be classified as an armed career criminal. See 18 U.S.C. § 924(e)(1)–(2). The government maintains that at least three of petitioner's prior offenses still constitute valid ACCA predicates: possession with intent to distribute class B drug (presentence investigation report ("PSR") ¶ 66); assault and battery with a dangerous weapon ("ABDW") (PSR ¶¶ 67, 68); and assault with a dangerous weapon ("ADW") (PSR ¶ 68). Petitioner does not dispute that the drug offense constitutes a violent felony, and he acknowledges that ADW is categorically a violent felony under

United States v. Whindleton, 797 F.3d 105 (1st Cir. 2015), cert. dismissed, 137 S. Ct. 23 (2016), and cert. denied, 137 S. Ct. 179 (2016).[1]  Therefore, the question before me is whether petitioner's 2002 ABDW conviction (PSR ¶ 67) constitutes a violent felony.[2]  I conclude that it does not.

I.      **Background**

On July 29, 2010, petitioner pleaded guilty to being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1).  He was sentenced on December 7, 2010, to an 180-month sentence under the ACCA.  He did not object at the time to his status as an armed career criminal nor did he appeal his sentence.  On June 22, 2016, petitioner filed the instant § 2255 motion seeking to vacate and correct his sentence in light of Johnson II.  See Docket # 40.

II.     **Standard**

Under 28 U.S.C. § 2255, a federal prisoner "claiming the right to be released upon the ground that [a] sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  This "statute was intended to provide a federal prisoner with an exclusive means of challenging the validity of his conviction or sentence, save only in those few instances in which the statutory remedy proved 'inadequate or ineffective to test the legality of his detention.'"  Trenkler v. United

---

[1] Petitioner "maintains that his prior conviction for [ADW] is also not a crime of violence" but recognizes that the First Circuit held in Whindleton that ADW is a violent felony under the force clause. See Docket # 40, at 3 n.3.  He argues that Whindleton was wrongly decided.  Docket # 40, at 29-32.  For purposes of this decision, Whindleton is governing law, and ADW constitutes a violent felony.

[2] The government had originally argued that resisting arrest and assault and battery on a police officer (PSR ¶ 69) constituted violent felonies.  However, in a supplemental filing (Docket # 52) and at a status conference (Docket # 54) the government retreated from this position.

2

States, 536 F.3d 85, 96 (1st Cir. 2008) (quoting 28 U.S.C. § 2255(e)). A prisoner seeking to challenge a sentence under § 2255 must bring the motion[3] within a one-year limitations period, which as relevant here, runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

### III. Discussion

Under the ACCA, a defendant convicted of being a felon in possession of a firearm who has three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another," faces a mandatory minimum sentence of fifteen years of imprisonment. See 18 U.S.C. § 924(e)(1); see also Johnson II, 135 S. Ct. at 2555. At the time petitioner was sentenced, a "violent felony" was defined as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). "Clause (i) is sometimes referred to as the 'force clause.' . . . The portion of clause (ii) following the enumerated offenses is known as the 'residual clause.'" United States v. Holloway, 630 F.3d 252, 256 (1st Cir. 2011) (citations omitted). In Johnson II, the Supreme Court held

---

[3] "In terms, 28 U.S.C. § 2255 speaks of a 'motion' rather than a 'petition,' yet the latter word is more commonly used to describe the vehicle by which a person held in custody seeks post-conviction relief." Raineri v. United States, 233 F.3d 96, 97 n.1 (1st Cir. 2000). Going forward, I will "use the term 'petition' throughout this opinion in order to avoid confusion." Id.

that the ACCA's residual clause is unconstitutionally vague. See 135 S. Ct. at 2557. The Court held that Johnson II applied retroactively to cases on collateral review in Welch. See 136 S. Ct. at 1268.

Petitioner argues that ABDW does not qualify as a violent felony under the force clause. The government maintains (1) that Cruz procedurally defaulted this claim; and (2) that ABDW does qualify categorically as a violent felony under the force clause.

### A. Procedural Default

The government first argues that Cruz procedurally defaulted his Johnson II claim by failing to challenge the ACCA's residual clause at sentencing and on direct appeal. See Bucci v. United States, 662 F.3d 18, 29 & n.10 (1st Cir. 2011). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' . . . or that he is 'actually innocent.'" Bousley v. United States, 523 U.S. 614, 622 (1998) (citations omitted).

I find that petitioner has demonstrated cause for the reasons articulated in the Memorandum of Decision in United States v. Overka, No. 08-cr-10265-RWZ (D. Mass. Oct. 21, 2016), ECF No. 30; accord United States v. Webb, Nos. 01-cr-10267-WGY, 06-cr-10251-WGY, 2016 WL 6647929, at *4 (D. Mass. Nov. 9, 2016) (citing decisions that reach the same conclusion). And for the reasons discussed below, I further find that petitioner has demonstrated prejudice because "'there is a reasonable probability' that the outcome . . . would have been different but for the alleged error." Wilder v. United States, 806 F.3d 653, 658 (1st Cir. 2015), cert. denied, 136 S. Ct. 2031 (2016) (quoting Strickler v. Greene, 527 U.S. 263, 289 (1999)). Specifically, without the

4

ACCA's residual clause, petitioner's ABDW conviction likely would not have served as a predicate offense that subjected him to the ACCA's fifteen-year mandatory minimum sentence.

### B. Massachusetts ABDW

Under Massachusetts General Laws "[w]hoever commits an assault and battery upon another by means of a dangerous weapon shall be punished by imprisonment in the state prison for not more than 10 years or in the house of correction for not more than 2 ½ years, or by a fine of not more than $5,000, or by both such fine and imprisonment." Mass. Gen. Laws ch. 265, § 15A(b). "The substantive definition of ABDW, in turn, is supplied by case law applying the crime's common law definition." United States v. Tavares, 843 F.3d 1, 12 (1st Cir. 2016) (quoting Commonwealth v. Porro, 939 N.E.2d 1157, 1162 (Mass. 2010); Commonwealth v. Burno, 487 N.E.2d 1366, 1368–69 (Mass. 1986)). The Massachusetts Supreme Judicial Court has explained that Massachusetts "common law recognizes two separate aspects to the crime of assault and battery." Burno, 487 N.E.2d at 1368. These are:

> [(1)] "the intentional and unjustified use of force upon the person of another, however slight" . . . or
>
> [(2)] the intentional commission of a wanton or reckless act (something more than gross negligence) causing physical or bodily injury to another . . . .

Id. at 1368–69 (citations omitted) (quoting Commonwealth v. McCan,178 N.E. 633, 634 (Mass. 1931)); see also Tavares, 843 F.3d at 12. These "two forms of the offense" have been referred to as "Massachusetts ABDW sections (1) and (2)." See Tavares, 843 F.3d at 12.

5

### 1.     Massachusetts ABDW Under the Force Clause

In its recent decision United States v. Tavares, the First Circuit analyzed Massachusetts ABDW under the force clause.  See 843 F.3d at 12–20.[4]  The court first held that ABDW section (1) constitutes a crime of violence.  See id. at 13.  It relied on its decision in Whindleton, where it held that Massachusetts ADW "'which criminalizes "an assault upon another" by "means of a dangerous weapon," "has as an element the use, attempted use, or threatened use of physical force"' as required by the ACCA's Force Clause," Whindleton, 797 F.3d at 116 (quoting United States v. Am, 564 F.3d 25, 33 (1st Cir. 2009)).  Because "ADW is a 'lesser included offense' of ABDW section (1)," the court explained in Tavares, "no more 'force' — whether attempted, threatened, or actually used — could be required for ADW than ABDW section (1)."  Tavares, 843 F.3d at 13.

The court then held that Massachusetts ABDW is a divisible statute.  Id. at 18.  That is, it "list[s] elements in the alternative, and thereby define[s] multiple crimes," id. at 14 (alterations in original) (quoting Mathis v. United States, 136 S. Ct. 2243, 2249 (2016)).  However, the court left open the question whether ABDW section (2), "the intentional commission of a wanton or reckless act," qualifies as a crime of violence.  Id. at 18–19.

If section (2) does qualify, then ABDW categorically constitutes a crime of violence and petitioner is subject to the ACCA.  If not, then the government must

---

[4]     Tavares involved the term "crime of violence" under the United States Sentencing Guidelines' ("U.S.S.G.") career offender provision, see U.S.S.G. §§ 4B1.1, 4B1.2.  However, the First Circuit has "recognized the ACCA term 'violent felony' and the Guideline term 'crime of violence' as 'nearly identical in meaning,' and stated that 'decisions construing one term inform the construction of the other.'"  Damon v. United States, 732 F.3d 1, 2 n.2 (1st Cir. 2013) (quoting Holloway, 630 F.3d at 254 n.1).

6

provide documents allowed under Shepard v. United States, 544 U.S. 13, 26 (2005),[5] to

establish that petitioner was convicted under ABDW section (1).[6] If the government

cannot supply these documents, then petitioner is not subject to the ACCA.

## 2. Massachusetts ABDW Section (2)

The government concedes that it has been unable to obtain Shepard-approved

documents to establish under which form of ABDW petitioner had been convicted.

Therefore, I must determine whether ABDW section (2) qualifies as a violent felony

under the force clause.

In Tavares, the First Circuit stated that prior to the Supreme Court's decision in

Voisine v. United States, 136 S. Ct. 2272 (2016), First Circuit precedent "would dictate

that a conviction for the reckless version of ABDW is not a crime of violence under" the

Guidelines' force clause. 843 F.3d at 18. Specifically, in United States v. Fish, 758

F.3d 1 (1st Cir. 2014), the First Circuit held, joining ten circuits, that 18 U.S.C. § 16(b)[7]

---

[5] "Shepard documents include documents 'from the convicting court, such as charging documents, plea agreements, plea colloquies, and jury instructions.'" Tavares, 843 F.3d at 10 n.6 (quoting United States v. Serrano–Mercado, 784 F.3d 838, 843 (1st Cir. 2015)).

[6] To the extent the government argues that the burden is on petitioner to show he was convicted of the form of the offense that does not qualify as a violent felony, see Docket # 49, at 27–28, I reject this argument. On direct appeal, the First Circuit has "allow[ed] the government the opportunity to put forth Shepard documents that clarify whether [defendant]'s ABDW conviction was for the intentional or reckless version of the offense." Tavares, 843 F.3d at 20; see also id. at 12 (giving the government "the opportunity on remand to supplement the record with Shepard documents, assuming such documents exist," and explaining "the record was sufficient to sustain the government's position at the time of sentencing without any need to present Shepard documents, and we remand for reconsideration of that sentence only because the controlling law on the residual clause thereafter changed"). I am not persuaded that the burden would shift on collateral review, at least when there has been an intervening change in the law. Accord Kirkland v. United States, 687 F.3d 878, 888–89 (7th Cir. 2012); United States v. Tucker, 603 F.3d 260, 266–67 (4th Cir. 2010); United States v. Ford, No. 05-cr-10326-FDS (Nov. 16, 2016), ECF No. 114; cf. United States v. Castro-Vazquez, 802 F.3d 28, 36 (1st Cir. 2015) ("[T]he plain error standard can be overcome where there has been intervening legal authority that makes clear that the district court's approach was inconsistent with the intervening legal authority.").

[7] Section 16 defines "crime of violence" as:
(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

7

"does not reach recklessness offenses." Id. at 9–10. This determination was based on the Supreme Court's decision in Leocal v. Ashcroft, 543 U.S. 1 (2004). Fish, 758 F.3d at 9; see also Tavares, 843 F.3d at 18.

In Leocal, the Court held that the term "use" in 18 U.S.C. § 16(a), a clause nearly identical to the ACCA's force clause, does not include "negligent or merely accidental conduct." 543 U.S. at 9. It also held that § 16(b) required a higher mens rea than negligence or accidental conduct. Id. at 10–11. Important to Leocal's holding was § 16(a)'s language "use . . . of physical force against the person or property of another." Id. at 9 (quoting 18 U.S.C. § 16(a)). The Court explained that "[w]hile one may, in theory, actively employ something in an accidental manner, it is much less natural to say that a person actively employs physical force against another person by accident." Id.

The First Circuit explained in Fish that "[a]lthough the Supreme Court explicitly limited its reasoning to negligence-or-less crimes, Leocal's rationale would seem to apply equally to crimes encompassing reckless conduct wherein force is brought to bear accidentally, rather than being actively employed." 758 F.3d at 9. And although this analysis in Fish involved § 16(b) rather than § 16(a), the First Circuit in Tavares stated that "[s]uch reasoning would seem to apply equally to the" Guidelines' force clause. 843 F.3d at 18. The question Tavares left open was whether Voisine changed this analysis. Id. at 18–19.

---

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.
18 U.S.C. § 16.

Voisine examined the term "misdemeanor crime of domestic violence" in 18 U.S.C. § 922(g)(9), which includes "a misdemeanor under federal, state, or tribal law, committed by a person with a specified domestic relationship with the victim, that 'has, as an element, the use or attempted use of physical force.'" Voisine, 136 S. Ct. at 2276 (quoting 18 U.S.C. § 921(a)(33)(A)). The Court held that in this context "use" includes reckless conduct. Id. at 2282. It based its holding on (1) the statutory text, explaining that "the word 'use' does not demand that the person applying force have the purpose or practical certainty that it will cause harm, as compared with the understanding that it is substantially likely to do so," id. at 2279; and (2) the history of § 922(g)(9), a statute enacted "in 1996 to bar those domestic abusers convicted of garden-variety assault or battery misdemeanors — just like those convicted of felonies — from owning guns," id. at 2280. At the time of its enactment, 34 states in addition to the District of Columbia "defined such misdemeanor offenses to include the reckless infliction of bodily harm." Id. The Court explained that a reading of § 922(g)(9) that excludes recklessness offenses would render it "broadly inoperative in the 35 jurisdictions with assault laws extending to recklessness." Id.

Whether Voisine undermines Fish is by no means clear. On the one hand, the Supreme Court's analysis could apply to the ACCA's force clause. And some courts have so found. See, e.g., Webb, 2016 WL 6647929, at *11 (citing cases from the Fifth and Eighth Circuits and agreeing that after Voisine, recklessness suffices to establish a violent felony under the ACCA's force clause). On the other hand, though the Court in Voisine stated that its analysis "fully accords" with its reasoning in Leocal, it left open the possibility that its analysis would not apply to other statutes. 136 S. Ct. at 2279–80

9

& n. 4. Indeed the Court specifically noted that its "decision . . . concerning § 921(a)(33)(A)'s scope does not resolve whether § 16 includes reckless behavior. Courts have sometimes given those two statutory definitions divergent readings in light of differences in their contexts and purposes, and we do not foreclose that possibility with respect to their required mental states." Id. at 2280 n.4. For example, in United States v. Castleman, 134 S. Ct. 1405 (2014), the Supreme Court distinguished the definition of "physical force" in the ACCA context from that in "the misdemeanor crimes of domestic violence" context. Id. at 1412. The Court explained that while it has "hesitated . . . to apply the Armed Career Criminal Act to 'crimes which, though dangerous, are not typically committed by those whom one normally labels "armed career criminals,"' . . . [it] see[s] no anomaly in grouping domestic abusers convicted of generic assault or battery offenses together with the others whom § 922(g) disqualifies from gun ownership." Id. (quoting Begay v. United States, 553 U.S. 137, 146 (2008)).

This difference in statutory contexts is significant. And given the different contexts, Voisine, does not, in my view, undermine Fish. Accord Bennett v. United States, Nos. 1:16-cv-251-GZS, 1:94-cr-11-GZS, 2016 WL 3676145, at *4 (D. Me. July 6, 2016) ("It is because of this expressed hesitation [in Castleman] that the Court concludes the common-law interpretation of 'use' announced in Voisine cannot be read to override the already-cited precedents holding that recklessness is an insufficient mens rea for purposes of ACCA."); see also United States v. Voisine, 778 F.3d 176, 181 (1st Cir. 2015), aff'd, 136 S. Ct. 2272, (2016) (discussing Leocal and Castleman and explaining that "[c]onsidering context, section 16(a) is not analogous to the section which concerns us, § 922(g)(9)"). Based on the precedents discussed, I conclude that

10

ABDW section (2), the "the reckless version of ABDW," Tavares, 843 F.3d at 18, does not qualify as a violent felony. Accord United States v. Ford, No. 05-cr-10326-FDS (D. Mass. Nov. 16, 2016), ECF No. 114; United States v. Windley, No. 14-cr-10197-PBS (D. Mass. July 6, 2016 ), ECF No. 119; see also United States v. Sabetta, No. 00-cr-135-S-PAS, 2016 WL 6157454, at *7–9 (D.R.I. Oct. 24, 2016), reconsideration denied, No. 00-CR-135-S-PAS, 2016 WL 7174618 (D.R.I. Dec. 8, 2016) (Rhode Island ADW); Bennett, 2016 WL 3676145, at *4 (Maine aggravated assault). But see United States v. McGregor, No. 07-cr-10312-NMG, 2017 WL 101305, at *1–2 (D. Mass. Jan. 10, 2017); Webb, 2016 WL 6647929, at *12.

Were I writing on a clean slate, my conclusion might well be different. Indeed, the idea that assault and battery with a deadly weapon does not constitute a violent felony is counterintuitive. But from the ACCA and subsequent case law there has resulted "a Rube Goldberg jurisprudence of abstractions piled on top of one another in a manner that renders doubtful anyone's confidence in predicting what will pop out at the end," Tavares, 843 F.3d at 19. And I am bound by the holdings of the Supreme Court and First Circuit. Absent further guidance, I believe these holdings dictate the result reached in this case.

## IV. Conclusion

For the reasons above, petitioner does not qualify as an armed career criminal under the ACCA. His petition (Docket # 40) is GRANTED.

| January 26, 2017 | /s/Rya W. Zobel |
|---|---|
| DATE | RYA W. ZOBEL |
| | SENIOR UNITED STATES DISTRICT JUDGE |